IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DOUGLAS FORSON, §<br>    *Plaintiff* §<br>v. §<br> §  CIVIL ACTION NO. _____<br> §<br>TRANSPORT CORPORATION OF AMERICA, INC. §<br>AND §<br>MARCUS ANDERS, §<br>    *Defendants* § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, DOUGLAS FORSON (hereinafter referred to as "PLAINTIFF"), and files this their Original Complaint complaining of TRANSPORT CORPORATION OF AMERICA, INC., (hereinafter referred to as "Defendant") and MARCUS ANDERS, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto the Court as follows:

## **I.**
## **Jurisdiction and Venue**

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(a) and (c), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff is a citizen of the State of Texas. The Defendant, TRANSPORT CORPORATION OF AMERICA, INC., is a Foreign For-Profit corporation, organized and formed in the State of Minnesota, is not a citizen of Texas and its principal office is located at 1715 Yankee Doodle Road, Suite 100, Eagan, Minnesota. The Defendant, MARCUS ANDERS, is not a citizen of Texas and is a citizen of the State of Alabama residing at 5100 36th Avenue, Apartment 2704, Tuscaloosa Alabama.

(2)     Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(b), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## Parties

(3)     The Plaintiff, DOUGLAS FORSON, is a resident of Hunt County, Texas.

(4)     The Defendant, TRANSPORT CORPORATION OF AMERICA, INC., is a foreign corporation organized and existing under the laws of Minnesota and maintains its principal place of business in Minnesota. Defendant is not a citizen of the State of Texas, and is doing business in the State of Texas and has failed to designate an agent for service of process in the state of Texas, therefore, may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to Defendant's Chief Executive Officer, Eric Anson at 1715 Yankee Doodle Road, Suite 100, Eagan, Minnesota 55121 by certified mail, return receipt requested.

(5)     Defendant, MARCUS ANDERS, is a nonresident individual residing at 5100 36th Ave., Apt. 2704, Tuscaloosa, Alabama 35405, and at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.062 et sec. of the Tex. Civ. Prac. & Rem. Code.  Defendant, MARCUS ANDERS, may be served with process by serving him pursuant to the Tex. Civ. Prac. & Rem. Code §17.062 by serving the chairman of the Texas Transportation Commission via certified mail, return receipt requested and with instructions that the chairman of the Texas Transportation Commission shall then forward

a duplicate copy of process and the suit papers to MARCUS ANDERS 5100 36th Ave., Apt. 2704, Tuscaloosa, Alabama 35405 via certified mail, return receipt requested.

### III.
### Factual Allegations

(6)     On or about March 15, 2021, Plaintiff, DOUGLAS FORSON, was operating a 2017 Chevrolet Silverado C1500 pickup truck bearing VIN # 1GCRCRECXHZ237639 and bearing Texas license Plate # KCR1729 in a safe and prudent manner, while traveling Northbound on Highway 11. Defendant, MARCUS ANDERS, was traveling Northbound while operating a 2019 Kenworth Tractor Trailer bearing VIN # 1XKYDP9X0KJ239176 and bearing Indiana License Plate # 2733B62 while towing a 2016 white Hyundai trailer bearing VIN # 3K3V532C6GT234014 and bearing Indiana License Plate # P525919. Defendant, MARCUS ANDERS, was traveling at a high rate of speed when suddenly and without warning he collided into Plaintiff's vehicle, causing Plaintiff to sustain severe, permanent, and disabling injuries.

(7)     At the time of the collision in question, the Defendant, MARCUS ANDERS, was driving with permission, in the course and scope of his employment with his employer, TRANSPORT CORPORATION OF AMERICA, INC.

(8)     Due to the acts of the Defendant driver, including but not limited to driver in-attention, failure to yield the right of way, failure to safely change lanes, failure to maintain a proper lookout, failure to maintain a safe speed, Plaintiff sustained severe permanent and disabling injuries.

(9) At all times relevant to this lawsuit, Defendant, MARCUS ANDERS, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(10) At all times relevant to this lawsuit, Defendant, TRANSPORT CORPORATION OF AMERICA, INC. is a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(11) At all times relevant to this lawsuit, Defendant, Marcus Anders, was an "employee" of Defendant, TRANSPORT CORPORATION OF AMERICA, INC., as per 49 C.F.R. §390.5.

(12) Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, MARCUS ANDERS, was an employee of Defendant, TRANSPORT CORPORATION OF AMERICA, INC., and operating a tractor trailer with trailer attached.

## IV.
## Cause of Action:  Defendant MARCUS ANDERS

(13) Plaintiff incorporate by reference paragraphs 1 through 12 above.

(14) Plaintiff allege that Defendant, MARCUS ANDERS, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendants:

   a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;
   b. In failing to apply his brakes as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;
   c. In traveling at an excessive rate of speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;
   d. In failing to maintain a safe distance between Defendants' vehicle and other vehicles on the roadway as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances in attempting to pass when it was unsafe to do so.

  e. In speeding above the posted speed limit when a reasonable and prudent person exercising ordinary care and prudence under the same or similar circumstances would not have.
  f. In failing to drive within a single lane of traffic.
  g. In making an unsafe lane change.
  h. In making an unsafe right-hand turn.
  i. In failing to yield the right of way.
  j. In failing to control the speed of his vehicle.
  k. Defendant was negligent in other respects.

(15) Defendant, MARCUS ANDERS' acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se.  In this regard, Defendant, MARCUS ANDERS, violated the standards of conduct set forth in Tex. Trans. Code §545.060 (a), 545.351(a), (b) and (c) and 545.352, 545.062, 545.103 and 545.362 and 49 C.F.R. §392.2. Plaintiff further states that the Defendant, MARCUS ANDERS' acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question. [1]

## V.
### Cause of Action:  Defendant TRANSPORT CORPORATION OF AMERICA, INC.

(16)  Plaintiffs incorporates by reference paragraphs 1 through 15 above.

(17)  Plaintiffs would further show that at the time of the accident made the basis of this lawsuit, Defendant, MARCUS ANDERS, was an employee of Defendant, TRANSPORT CORPORATION OF AMERICA, INC., and was acting within the course and scope of his employment for Defendant, TRANSPORT CORPORATION OF AMERICA, INC.  and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiff hereby invokes the Doctrine of Respondent Superior and therefore alleges and contends that

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under Federal law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto, was required to adhere to and a violation of same would have constituted negligence under common law.

each negligent act/or omission on the part of Defendant, MARCUS ANDERS, are imputed to Defendant, TRANSPORT CORPORATION OF AMERICA, INC. Defendant, TRANSPORT CORPORATION OF AMERICA, INC., is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(18)   Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, MARCUS ANDERS, was, and is considered a statutory employee of Defendant, TRANSPORT CORPORATION OF AMERICA, INC., pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, TRANSPORT CORPORATION OF AMERICA, INC., are vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

## **NEGLIGENT ENTRUSTMENT**

(19)   Plaintiffs would further show that prior to the time the collision occurred, Defendant, TRANSPORT CORPORATION OF AMERICA, INC., was the owner and was in possession, custody and control of the truck tractor driven by Defendant, MARCUS ANDERS, respectively, on the date of the accident made the basis of this lawsuit.  On or about March 15, 2021, Defendant, TRANSPORT CORPORATION OF AMERICA, INC., directed Defendant, MARCUS ANDERS, respectively, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendant, MARCUS ANDERS, operated said vehicle with the knowledge, consent and permission of Defendant, TRANSPORT CORPORATION OF AMERICA, INC.

(20)   Plaintiff would further show that Defendant, TRANSPORT CORPORATION OF AMERICA, INC., was the owner of the vehicle that was being driven by Defendant, MARCUS ANDERS, at the time of the accident made the basis of this lawsuit.  Defendant, TRANSPORT

CORPORATION OF AMERICA, INC., was negligent in entrusting its vehicle to Defendant, MARCUS ANDERS, who was careless, incompetent and a reckless driver. Defendant, TRANSPORT CORPORATION OF AMERICA, INC., knew or should have known that Defendant, MARCUS ANDERS, was careless, incompetent and a reckless driver. Defendant, TRANSPORT CORPORATION OF AMERICA, INC., was negligent in entrusting the vehicle to its employee, Defendant, MARCUS ANDERS, respectively, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

### NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND CONTROL

(21) Plaintiff further alleges that Defendant, TRANSPORT CORPORATION OF AMERICA, INC., through their acts and/or omissions, were negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, TRANSPORT CORPORATION OF AMERICA, INC.:

    a. In hiring and/or retaining its employee driver;

    b. In allowing its employee to drive the vehicle in question; and

    c. In failing to instruct, supervise, and control its employee driver.

### MALICE

(22) Plaintiff further allege that Defendant, TRANSPORT CORPORATION OF AMERICA, INC., by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness,

inadvertence or error of judgment.  Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendant's acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff.  Plaintiff further alleges that the Defendant's acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff.  Plaintiff further alleges that the Defendant had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.  In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## VI.
## Damages

(23)   Plaintiff, Douglas Forson, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(24)   Plaintiff respectfully requests a trial by jury on all issues.

(25)     Plaintiff seek judgment against Defendants, jointly and severally, for his actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

    Respectfully submitted,

    s/ Jimmy M. Negem
    Jimmy M. Negem
    State Bar No. 14865500
    Joe M. Worthington
    State Bar No. 22009950
    Jimmy M. Negem, Jr.
    State Bar No. 24115371
    Negem & Worthington
    1828 E SE Loop 323
    Suite R – 1A
    Tyler, Texas 75701
    903.595.4466 (telephone)
    903.593.3266 (facsimile)
    JMNegem@Negemlaw.com

    ATTORNEYS FOR PLAINTIFF